UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RONALD JAMES MILLER ) | |
| ) | CASE NO. 07-32080(1)(13) |
| Debtor(s) ) | |

### MEMORANDUM-OPINION

This matter came before the Court on the Objection to Confirmation of the Chapter 13 Plan of Debtor Ronald J. Miller ("Debtor"). Creditor Linda Ann Allen ("Allen") is the ex-spouse of the Debtor and objects to Debtor's proposed Chapter 13 Plan contending the Debtor lacks good faith in filing the Chapter 13 proceeding and Plan. For the following reasons, the Court **SUSTAINS** the Objection.

### FINDINGS OF FACT

Debtor filed his Voluntary Chapter 13 Petition on June 20, 2007. This Court previously entered a Judgment in the amount of $200,333.64 against Debtor in his prior Chapter 7 case on June 6, 2001 (See, A.P. No. 00-3109, Dkt. No. 31). In the Chapter 7 case, the Court declared 75% of the debt, which resulted from the parties' divorce, nondischargeable pursuant to 11 U.S.C. §523(a)(15). In that Opinion, the Court found sufficient evidence to question Debtor's good faith in filing that case with respect to his efforts to evade his obligations owed to Allen pursuant to the parties' divorce. The Court's Memorandum-Opinion and the record of the Chapter 7 proceeding are detailed with respect to the Debtor's involved attempts to avoid payment of the amount due Allen. It is important to note that the Debtor is no more inclined in 2007 to pay Allen than he was in 2000. The Debtor has not made a voluntary payment to Allen on this debt since January 1, 2004 when he

paid her $5,000 to avoid serving time in jail for contempt of the state court in connection with the divorce. Later, the Debtor served jail time for contempt and Allen received $5,457.29 from the Debtor's wages while incarcerated. Beginning in 2004 and forward, Allen received $128,335.80 in involuntary distributions from Debtor.

Debtor now seeks confirmation of his Chapter 13 Plan contending he is committing all of his disposable income to the Plan for 60 months. The Debtor's proposed plan commits $22,278 over a 60 month period which would pay unsecured creditors, such as Allen between five and ten percent on their claims. Debtor's Petition lists only one secured claim in the amount of $3,396.93 on a vehicle and other than Allen's claim, unsecured claims totaling only $1,281.00.

The Court will first address the issue of the Debtor's disposable income. The Debtor's Statement of Financial Affairs shows that in 2006 the Debtor received income from employment in the sum of $11,375, income from an annuity in the sum of $24,825, distributions from the Social Security Administration in the sum of $20,018 and a life insurance payment of $5,000, for a grand total of $61,218. At trial he testified that at the age of 66 he reduced his workload to 16 hours per week netting $154 per week. Debtor contends he cannot work more than this under the Social Security Guidelines without jeopardizing his social security distribution. On cross-examination the Debtor could not offer any credible evidence that he is actually limited to earning $154 per week in order to receive social security.

The Debtor was unable to further testify with any credibility about the source or frequency of the annuity payment he stated came from his mother's estate. The only evidence of this payment is the Debtor's use of the term "annuity", which indicates an annual payment. The Court is left without adequate evidence on the terms of this payment, but notes it is the Debtor's burden to

2

demonstrate sources of income to the Court when confirmation is an issue. Similarly, the $5,000 insurance payment is cryptic at best, leaving the Court concerned that the Debtor may be entitled to additional income that has not been disclosed to the Court and could not be used by the Court in determining whether he is devoting his entire disposable income over the life of the Plan.

Next, the Court addresses the Debtor's voluntary reduction in work. The Court's June 6, 2001 Opinion is quite clear in its findings regarding the Debtor's efforts to avoid payment of Allen's claim. Since that time, it is obvious to the Court that the Debtor has no intention of keeping or earning any property that could be used to pay Allen's claim. For instance, the Debtor testified that he fixes equipment, runs errands and does odd jobs at Progress Plastics, his employer. In spite of his testimony of dubious health, it is clear to the Court that the Debtor is in good physical condition for a man of his age. Debtor is underemployed by design.

Additionally, much of Debtor's testimony simply does not add up. He testified that he still, from time to time, cuts the grass on the 6301 Fegenbush Lane, Louisville, Kentucky, real estate that he transferred to John Kulisics, his former partner in Progress Plastics, for the debt against it. The transfer is referenced in the 2001 Opinion. At the hearing on this matter, Debtor testified that he did not know who lives at the residence but he still chooses to cut the grass. The Debtor tendered his paystubs to advance his case on confirmation. Those paystubs prepared by Progress Plastics at the direction of John Kulisics, the 100% shareholder of Progress Plastics and longtime friend of the Debtor, show the Debtor's address as 6301 Fegenbush Lane. The Debtor testified he rents a room with a bed from a woman he knows who worked at Progress Plastics.

**CONCLUSIONS OF LAW**

Allen objects to the confirmation of Debtor's Chapter 13 Plan contending it lacks good faith. The Sixth Circuit addressed the issue of good faith in In re Caldwell, 895 F.2d 1123 (6th Cir. 1990). In that opinion, the court cautioned that the good faith, or lack of it, with which a repayment plan is proposed, distinguishes a sincere effort from a false one. The Court cautioned that Chapter 13 plans which propose to repay only a small portion of a debt which could not be discharged in a Chapter 7 case deserve "particular scrutiny." Id. at 1126. The Court then listed 12 factors to be considered in making a determination on good faith.

Here, the track record of the Debtor regarding the debt owed to Allen is dismal. Several of the good faith criteria of Caldwell weigh heavily against Debtor. These include his employment history, ability to earn and the likelihood of future increases in his income. The accuracy of the Plan's statements of debt and expenses and the fact that inaccuracies are meant to mislead the Court also must be considered. Finally, and weighing most heavily against the Debtor, are his motivation and sincerity in seeking Chapter 13 relief and whether the Debtor is attempting to abuse the spirit of the Bankruptcy Code by filing this Chapter 13 case in an attempt to primarily avoid paying Allen's debt - a debt this Court already declared nondischargable in Debtor's prior Chapter 7 case.

The Debtor's income dropped dramatically in the years immediately preceding his first bankruptcy. This was detailed by the Court in the Opinion issued in the Chapter 7 case. Now, Debtor states that his current income is only $11,000 per year but no reason is set forth as to why Debtor is incapable of earning more money. Debtor has a history of being a high wage earner. His efforts to avoid paying this debt and his dramatic drop in income track closely together. Debtor continues to work at the same place of employment where he previously regularly made in excess

of $100,000 annually. No credible evidence was set forth as to why the Debtor continues to experience this severe reversal of fortune. It is the totality of these circumstances that lead this Court to conclude that the proposed Plan is not confirmable.

When the Court views these circumstances along with the concerted efforts of the Debtor to avoid voluntarily paying Allen's debt, the Court can only conclude that the current Chapter 13 Plan is a further attempt to avoid this debt. The current Chapter 13 Plan is not proposed in good faith.

## **CONCLUSION**

For all of the above reasons, the Objection of Creditor Linda Ann Allen to confirmation of Plan of the Debtor Ronald J. Miller is **SUSTAINED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
RONALD JAMES MILLER )
 ) CASE NO. 07-32080(1)(13)
Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Confirmation of Plan of Debtor Ronald J. Miller of Creditor Linda Ann Allen, be and hereby is, **SUSTAINED**.